THE CITY OF EVANSTON, Plaintiff-Appellant, v. AT&T INFORMATION SYSTEMS, INC., Defendant-Appellee.

First District (1st Division)   No. 86—1412

Opinion filed September 28, 1987.

Jack M. Siegel, of Chicago, for appellant.

Sidley & Austin, of Chicago (David W. Carpenter and Cynthia A. Gray, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The city of Evanston (Evanston) brought this declaratory judgment action against American Telephone and Telegraph Systems (Information Systems), seeking a declaration that Information Systems is subject to its municipal utility tax. Evanston alleges that Information Systems engaged in the business of selling and leasing telephone equipment for use in Evanston. It further alleges that these activities fall within the ambit of its municipal utility tax on telephone service.

The parties stipulated to the following facts: Information Systems is a wholly owned subsidiary of American Telephone and Telegraph Information Company (AT&T). AT&T provides long distance or "toll" telephone service through other subsidiaries such as AT&T's Communications of Illinois. Information Systems is not affiliated with any local telephone service. It is part of the highly competitive "interconnect industry," which consists of firms that are not local telephone

utilities, but sell or lease equipment (*e.g.*, computers, telephones) that customers can attach to the telephone networks of local telephone companies to send, receive, or display information.

Based on the facts stipulated in the record, Information Systems moved for summary judgment. It argued that Evanston did not have the authority to apply its utility tax to an interconnect firm that is not operating as a public utility. The trial court entered an order granting summary judgment. Evanston appeals that order.

Evanston is authorized to tax the gross receipts of public utilities pursuant to section 8—11—2 of the Illinois Municipal Code. (Ill. Rev. Stat. 1985, ch. 24, par. 8—11—2.) This provision authorized municipalities to tax "[p]ersons engaged in the business of transmitting messages by means of electricity." Furthermore, it defines "transmitting messages" as follows:

"The words 'transmitting messages', in addition to the usual and popular meaning of person to person communication, *shall include the furnishing, for a consideration, of services or facilities *** to persons in connection with the transmission of messages ***."* (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 8—11—2(d).)

Following the language of the State statute, Evanston's municipal tax ordinance imposes a tax on "[p]ersons engaged in the business of transmitting messages by means of electricity at the rate of five percent (5%) of the gross receipts from such business originating within the corporate limits of the City [Evanston]." (Evanston Municipal Code ch. 3—2—8, par. 2(A) (1985).) The ordinance defines "transmitting messages" in exactly the same terms as the enabling statute. Evanston Municipal Code ch. 3—2—8, par. 1 (1985).

The sole issue that is before us is whether Information Systems' sale and rental of telephone equipment constituted the "business of transmitting messages" within the terms of the ordinance. To decide this issue, we must determine whether Information Systems' sales and rentals are "in connection with the transmission of messages."

■ Since the language in the ordinance is plain and unambiguous, we must construe it as written. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764.) Evanston claims that under the express terms of the ordinance Information Systems is a "person" that furnishes equipment in Evanston which transmits messages by means of electricity and, accordingly, is subject to its utility tax. This argument convolutes the terms of the ordinance in an attempt to impose its tax on Information Systems. As we read the ordinance, it imposes a 5% tax on the revenues of persons who are in the business

of transmitting messages and on the revenues of persons who furnish "services or facilities" in connection with the transmission of messages. It is immaterial that a firm furnishes "services or facilities" unless it is in connection with the transmission of messages. The ordinance does not impose a tax on "persons," like Information Systems, that merely furnish services or facilities that can be used to transmit messages, but are not in connection with the transmission of messages.

■■ The operative phrase that is at issue here is "in connection with the transmission of messages." We believe that this phrase draws a bright line between public utility companies (*e.g.*, telephone companies) that provide equipment and services as part of their business of transmitting messages, and interconnect firms that are not public utilities and do not transmit messages. Under Evanston's interpretation of the ordinance, we would have to give the phrase in question no meaning. We are not at liberty, of course, to assume the legislature used superfluous language and must endeavor to give each word its normal and commonsense meaning. (*Estep v. Department of Public Aid* (1983), 115 Ill. App. 3d 644, 647, 450 N.E.2d 1281, 1284.) We hold no doubt that the legislature intended the utility tax to apply to revenues derived from the sale and rental of telephone equipment only when it is associated with the business of transmitting messages. It would be absurd to apply a utility tax to an interconnect firm that, as stipulated in the record, is not affiliated with a local telephone company and in no way transmits messages.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.